# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-M-6008-KMH |
| | ) | |
| JOHN K. MBURU | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

An evidentiary hearing concerning defendant's motion to suppress (Doc. 12) was conducted on September 30, 2012. The court granted defendant's motion to suppress after considering the evidence and the parties' arguments. (Minute Entry, Doc. 20). This matter is before the court on the government's motion for reconsideration. (Doc. 23). Specifically, the government argues there was no evidence that defendant knew that Agent Schultz's car prevented him from leaving. As explained in greater detail below, the government's argument is not persuasive.[1]

Agent Schultz had no articulable and reasonable suspicion that Mr. Mburu was engaged in any criminal activity when he was initially seized on the morning of January 18,

---

[1]     The parties are familiar with the arguments and evidence presented during the hearing and the court's oral ruling. Because the matter before the court is a motion to reconsider, the court will not engage in a detailed recitation of the case, hearing, and ruling.

2012. Instead, Agent Schultz's investigation focused on Fridah Nabea and whether she was in violation of various immigration laws.

Agent Schultz had been unsuccessful in contacting Nabea but, during her investigation, learned that Nabea shared an apartment with "a live-in boyfriend named John Mburu."[2]  In an effort to reach Nabea, Schultz attempted to contact Mburu at his place of employment.  On January 18, 2012, Schultz and her partner, Agent Montemayor, posted themselves near the apartment where they believed Nabea and defendant lived.  After waiting approximately four hours, the agents saw a man walking toward a car registered to Mburu. When Mburu entered the car, Agent Montemayor quickly drove his car to the side of Mburu's parked car in a perpendicular configuration.[3]  Agent Schultz also quickly pulled her car from its surveillance position and blocked Mburu from leaving in his car.  Schultz then approached the parked car and tapped on the window while showing her badge.  Mburu rolled down his window to respond to Schultz's display of legal authority and Schultz requested that Mburu turn off the engine.  Mburu complied.

Contrary to the government's argument, Agent Schultz's initial questioning of Mburu on the morning of January 18, 2012 was not a consensual encounter, that is, one where "a reasonable person would feel free to disregard the police and go about his business." United States v. Madden, 682 F.3d 920, 925 (10th Cir. 2012)(quoting Florida v. Bostick, 501 U.S.

---

[2]

It was later determined that Mburu is married to Nabea.

[3]

Schultz testified that the agents did not have a description of Mburu and waited until he entered the car to be certain of his identity.  The agents moved quickly to confront Mburu before he could back away from his parking spot.

429, 434, 435 (1991)).  Agent Schultz parked her car so that Mburu could not leave until she moved her car.  Agent Montemayor, although not blocking Mburu's car, positioned himself to prevent Mburu from walking away without talking to the agents.  The circumstances surrounding the encounter "would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter."  Id. Accordingly, the initial questioning was ***not*** consensual and the government's motion to reconsider shall be DENIED.

     **IT IS THEREFORE ORDERED** that the government's motion to reconsider (**Doc. 23**) is **DENIED.**

     **IT IS FURTHER ORDERED** that no later than **September 19, 2012**, counsel for the United States shall notify the court and Mr. Henderson whether the plaintiff intends to proceed to trial in this case.

     **IT IS SO ORDERED.**

Dated at Wichita, Kansas this 17th day of September 2012.

                                   <u>S/ Karen M. Humphreys</u>
                                   KAREN M. HUMPHREYS
                                   United States Magistrate Judge